UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:17CV-P283-CRS

ROY R. MACE III                                                PLAINTIFF

v.

AARON SMITH *et al*.                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Roy R. Mace III filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis* (DN 1). The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons stated below, the Court will dismiss the official-capacity claims and allow the individual-capacity claims to proceed for further development.

**I.**

Plaintiff, an inmate now housed at the Eastern Kentucky Correctional Complex, filed the instant *pro se* 42 U.S.C. § 1983 action concerning his previous incarceration at the Kentucky State Reformatory (KSR). He names the following Defendants: Aaron Smith, the KSR Warden; Diane Jackson, whom Plaintiff identifies as "Probation & Parole" at KSR; John Doe, a unit administrator at KSR; and Jane Doe, a "Former Sgt." at KSR. He sues Defendants in their individual and official capacities.

Plaintiff alleges that on November 11, 2015, at approximately 10:00 a.m. "the sewer pipe burst on C-wing cptn, flooding my cell with feces." He states as follows:

> I informed the defendants of the issue but the defendants refused to move me from the cell, but instead forced me to walk through the feces to get my food and made me eat my meals in the cell. I wasn't taken for a shower or the cell cleaned

until approx. 5:00 pm causing painful burning sores on my feet that didn't heal for 6 months.

Plaintiff also states that on February 5, 2016, he told Defendant John Doe that he had a conflict with an inmate who had made threats to him. Plaintiff asserts that "I requested protective custody to avoid this inmate but my cry's fell on deaf ears. I was then placed in the same dorm with this inmate and ultimately was assaulted by this inmate causing fear of others and hearing loss in my left ear." He further alleges, "Thus the inaction of the Defendants violated my right to not be subjected to cruel and unusual punishment."

As relief, Plaintiff seeks compensatory damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601 at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

### A. Official-capacity claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because all Defendants are employees of KSR, they are employees of the Commonwealth of Kentucky, and claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims against Defendants must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a Defendant immune from such relief.

### B. Individual-capacity claims

Upon review of the complaint, the Court will allow Plaintiff's conditions-of-confinement

claims alleging that he was housed in a cell flooded with feces to proceed against Defendants in their individual capacities. The Court will also allow Plaintiff's failure-to-protect claim to proceed against Defendant John Doe in his individual capacity.

### IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's official-capacity claims against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary relief from defendants immune from such relief.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the claims that have been permitted to proceed.

Date: May 11, 2017

                                              **Charles R. Simpson III, Senior Judge**
                                                  **United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.010