UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:17CV-P283-CRS

ROY R. MACE III            PLAINTIFF

v.

AARON SMITH *et al*.            DEFENDANTS

**MEMORANDUM, ORDER, AND REVISED SCHEDULING ORDER**

Plaintiff Roy R. Mace III filed the instant *pro se* action proceeding *in forma pauperis*. The Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A and entered an Order Directing Service and Scheduling Order on May 12, 2017, allowing Plaintiff's 42 U.S.C. § 1983 conditions-of-confinement claims alleging that he was housed in a cell flooded with feces to proceed against Defendants Aaron Smith, Diane Jackson, John Doe, and Jane Doe in their individual capacities. The Court also allowed Plaintiff's § 1983 failure-to-protect claim to proceed against Defendant John Doe in his individual capacity. The Court ordered that, as to the John and Jane Doe Defendants, Plaintiff had 90 days to move to amend the complaint to identify specific Defendants under Fed. R. Civ. P. 4(m). The Court warned Plaintiff that failure to meet the requirements of Rule 4 could result in dismissal of the John or Jane Doe Defendant.

On August 10, 2017,[1] Plaintiff filed an "Amendment" to the complaint (DN 26) wherein he identified the John Doe Defendant as Ben Mitchell, a unit administrator at Kentucky State Reformatory. The Court construes the filing as a motion to amend the complaint and **GRANTS**

---

[1] Under the prison mailbox rule, a pleading is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). In the certificate of service, Plaintiff states that he placed the filing in the prison mailbox on August 10, 2017.

the motion (DN 26).  Accordingly, the Clerk of Court is **DIRECTED to substitute Defendant Ben Mitchell for Defendant John Doe** in the docket sheet.

In Plaintiff's "Amendment," he also states that he was not able to identify Defendant Jane Doe and recognizes that the claim against her will have to be dismissed.  Because Plaintiff has failed to identify Defendant Jane Doe, **IT IS ORDERED** that Defendant Jane Doe is **DISMISSED** from this action under Fed. R. Civ. P. 4(m).  The Clerk of Court is **DIRECTED to terminate** Defendant Jane Doe as a party to this action.

In addition, the Court will reopen discovery as directed below.  In order to avoid this action being litigated in a piecemeal fashion, the motion for summary judgment by Defendants Smith and Jackson (DN 33) is **DENIED without prejudice** to their refiling the motion after the revised discovery deadline has passed.

Accordingly, **IT IS ORDERED** as follows:

(1)  **Counsel for Defendants Jackson and Smith, an attorney for the Kentucky Department of Corrections (KDOC), shall have 30 days from the entry of this Order to complete and return a notice of waiver of service for Defendant Mitchell**.

(2)  **Should counsel for the KDOC not represent Defendant Mitchell, the Court requests counsel to provide a forwarding or last known address for him so that it may ensure service.**  If the address is not public record, counsel shall file it **under seal**.

(3)  **The Clerk of Court is DIRECTED to prepare and issue summons** at the address provided by counsel for the KDOC for Defendant Mitchell if a waiver is not returned, and **the United States Marshal shall serve one copy of the complaint (DN 1), the Memorandum Opinion and Order entered May 12, 2017 (DN 17), Plaintiff's "Amendment"**

2

**(DN 26), the instant Order, and the summons on Defendant Mitchell in accordance with Rule 4 of the Federal Rules of Civil Procedure.**

(4)     Should Plaintiff receive notice that the summons is returned to the Court unexecuted, **Plaintiff is WARNED that he must take steps to remedy the defect in service** by providing additional information to the Court.  **Failure to do so within 90 days of entry of this Order may result in dismissal of Defendant Mitchell.**  *See* Fed. R. Civ. P. 4(m).

(5)     The answer to the complaint shall be filed no later than **60 days** after the entry of this Order.  *See* Fed. R. Civ. P 4(d)(3).  However, if service is required, the answer shall be filed no later than **21 days** after service of summons.  Insofar as is practicable, the answer is to restate in separate paragraphs the allegations of the complaint, followed by Defendant Mitchell's answer.

(6)     The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which the copy was sent to opposing parties.  Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **MAY BE DISREGARDED** by the Court.

(7)     The parties shall complete all pretrial discovery herein no later than **June 29, 2018.**  As a requirement of discovery, Defendants' counsel shall produce to Plaintiff all records or documentation relevant to the claim(s) set forth in this complaint that have survived initial review.  **<u>Counsel shall certify that the production is complete and shall file the certification with the Court</u>**.  Within the same time, Plaintiff shall provide counsel for Defendants any records or documentation relevant to his remaining claims.  **<u>Plaintiff shall</u>**

**certify that production is complete and shall file the certification with the Court**. A party who wishes to file discovery material with the Court must comply with Federal Rule of Civil Procedure 5(d). *See* Fed. R. Civ. P. 5(d)(1) ("[T]he following discovery requests and responses *must not* be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents . . ., and requests for admission.") (emphasis added).

(8) This Order does not override a party's responsibility to timely and completely respond to any discovery requests made pursuant to Federal Rules of Civil Procedure 33, 34, and 36, nor does it prevent a party from otherwise engaging in discovery that is consistent with the Federal Rules of Civil Procedure.[1]

(9) No later than **July 30, 2018**, Plaintiff shall file a pretrial memorandum, setting forth in detail all facts upon which he bases his claim in this matter against each Defendant.

(10) No later than **August 29, 2018**, Defendants shall file a pretrial memorandum. In lieu thereof, or if Plaintiff fails to file the required pretrial memorandum, Defendants may file any dispositive motion, including a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

(11) Either party may file dispositive motions at any time after providing the discovery required above, or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion. All dispositive motions shall be filed no later than **August 29, 2018**.

(12) If any party wishes additional time to complete any of the actions directed above, a motion requesting any such extension must be filed with the Court before any such deadline

---

[1] The Court notes, however, that this action is exempt from the initial disclosure and conference requirements of Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) ("The following proceedings are exempt from initial disclosure . . . (iv) an action brought without an attorney by a person in custody of the United States, a state, or a state subdivision."); Fed. R. Civ. P. 26(f) (parties must confer "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)").

expires. Any such motion to extend any time should indicate the reasons for extension. The Court will not grant an extension unless good cause is shown.

(13) Should Plaintiff change addresses during the pendency of this matter, he must provide written notice of a change of address to the Clerk of Court and to Defendants' counsel. *See* LR 5.2(e).

(14) Plaintiff is **WARNED** that his failure to notify the Clerk of Court of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

Date: March 1, 2018

                                                **Charles R. Simpson III, Senior Judge**
                                                **United States District Court**

cc:    Plaintiff, *pro se*
       Defendant Mitchell
       Counsel of record
4411.010